IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 7, 2001

## TARRAN KYLES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-00-247     Roy B. Morgan, Jr., Judge**

———————————

**No. W2000-02152-CCA-R3-PC - Filed September 6, 2001**

———————————

The Appellant, Tarran Kyles, proceeding *pro se*, appeals from the order of the Madison County Circuit Court denying his petition for post-conviction relief.   The post-conviction court in a "Preliminary Order" dismissed Kyles' petition, finding that the only issue raised in the petition was previously determined on direct appeal.  For the reasons stated below, we affirm the judgment of the post-conviction court dismissing the petition without an evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Tarran Kyles, Henning, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background**

The Appellant was convicted for one count of felony murder and one count of especially aggravated robbery.  The trial court sentenced the Appellant to consecutive sentences of life without the possibility of parole for the felony murder conviction and to thirty-five years as a Range II, multiple offender for the especially aggravated robbery conviction.   These convictions and sentences were later affirmed on direct appeal.  *See* State v. Tarran Kyles, No. 02C01-9807-CC-00203 (Tenn. Crim. App. at Jackson, July 15, 1999), *perm. to appeal denied*, (Tenn. Nov. 29, 1999).

On July 14, 2000, the Appellant timely filed a *pro se* petition for post-conviction relief, alleging that his appellate counsel was ineffective for failing to argue on appeal the lack of independent corroboration of accomplice testimony required to support his conviction.[1] On July 21, 2000, the post-conviction court entered a preliminary order summarily dismissing the Appellant's petition upon grounds that the Appellant's issue of accomplice corroboration was previously determined on direct appeal and, thus, could not be relitigated in a post-conviction proceeding. On August 23, 2000, the Appellant filed his notice of appeal. The Rules of Appellate Procedure require that a notice of appeal be filed within thirty days after the entry of the judgment from which the defendant is appealing. Tenn. R. App. P. 4(a). The Appellant filed his notice of appeal more than thirty days after the order dismissing his petition was entered; thus, rendering it untimely. Notwithstanding, this court may waive an untimely filing of a notice of appeal "in the interest of justice." *See* State v. Scales, 767 S.W.2d 157 (Tenn.1989); *see also* Tenn. R. App. P. 3(e) & 4(a). In this case, we waive the filing requirement and choose to address the issues raised by Appellant.

The Appellant first argues on appeal that he received ineffective assistance of counsel at trial. He assigns numerous factual grounds for ineffectiveness, including: (1) failure to interview witnesses, (2) failure to submit articles of clothing of victim for "hair and blood analysis," (3) failure to object to hearsay evidence, (4) failure to properly cross-examine witnesses at trial, (5) failure to "file motion to produce physical evidence," and (6) trial counsel erred in advising petitioner "not to testify in his own defense." As previously noted, the Appellant's allegations in his petition before the post-conviction court focused solely upon ineffectiveness of appellate counsel while Appellant's argument on appeal focuses upon ineffectiveness of counsel at trial and upon entirely different reasons and factual grounds. This court's review is appellate only. Tenn. Code Ann. § 16-5-108. Thus, we are precluded from reviewing issues of fact which have been raised for the first time upon appeal. *See* Tenn. R. App. P. 36; Butler v. State, 789 S.W.2d 898, 902 (Tenn. 1990).

Second, the Appellant argues on appeal that his conviction was based on the "unconstitutional failure of the prosecution to disclose exculpatory evidence, citing as authority Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963)." The evidence referred to by the Appellant consists of "articles of clothing" worn by the accomplice which were forwarded to the FBI crime lab for forensic testing. No testing of these "articles" was conducted by the FBI. Relief under Brady is not available unless the Appellant can establish that the evidence improperly withheld was material to the defendant. State v. Edgin 902 S.W.2d 387, 389 (Tenn. 1995). Because testing on the articles was never completed, there is no showing that the evidence was exculpatory to the Appellant or material to the defense. This issue is without merit.

Third, the Appellant contends that the State failed to furnish "Jencks Act" material at trial. The Post-Conviction Act provides a method by which a defendant may challenge a conviction or sentence for violation of a state or federal constitutional right. Tenn. Code Ann. § 40-30-203. The

---

[1]In his petition, the Appellant alleges: "Simply, counsel waived opportunity to expound upon the one point of law through which the Petitioner's conviction could not stand, the fact that the Petitioner/Appellant/Defendant's identity was never corroborated, yet never mentioned this fact in the appellate brief to any detail."

requirement that the State produce statements of witnesses under the provisions of Tenn. R. Crim. P. 26.2, commonly referred to as Jenck's material, confers a procedural right as opposed to a constitutional right. Accordingly, this claim, even if valid, is not cognizable in a post-conviction proceeding.

Fourth, the Appellant argues that his petition for post-conviction relief should be granted based on "newly discovered evidence." Specifically, he lists various witnesses who are willing to testify that his co-defendant, Roy Easley, admitted to being the person who killed the victim. Again, a petition for post-conviction is limited to constitutional error. Tenn. Code Ann. § 40-30-217(a)(1); *but see* Tenn. Code Ann. § 40-30-217(a)(2)(a petitioner may file a motion in the trial court to reopen the first petition for post-conviction relief where the claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner is convicted). In the present case, the newly discovered evidence constitutes neither scientific proof nor constitutional error. As such, this issue is also without merit.

Finally, the Appellant again on appeal challenges the sufficiency of the convicting evidence contending that, "A verdict of guilty and reasonable doubt clearly existed in this case." Specifically, he argues at length that his conviction was based solely "upon the testimony of a co-defendant" and that no evidence was presented at trial to prove accomplice corroboration.

An action for post-conviction relief is a collateral proceeding rather than an appeal from the underlying judgment of conviction. It may not serve as a substitute for a direct appeal. Rulings on issues that were previously raised at trial or on direct appeal and issues that could have been raised in earlier proceedings but were not, are ordinarily deemed waived. Tenn. Code Ann. § 40-30-206(f)(g)(h). Principles of waiver and issues previously determined narrow the range of issues available to a post-conviction petitioner to "an abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-209.

In the direct appeal of this case, a panel of this court held:

> [W]e conclude that [Easley's] testimony is sufficiently corroborated. . . . The corroboration of Mr. Easley's testimony showed that the defendant went with Mr. Easley to the victim's house to obtain money, that the defendant was in the house when the victim was killed, and that the defendant watched the stolen items while Mr. Easley searched for a buyer. From this corroboration, the jury could rationally conclude beyond a reasonable doubt that Mr. Easley testified truthfully about the defendant's involvement and that the defendant was guilty of felony murder and especially aggravated robbery.

State v. Tarran Kyles, No. 02C01-9807-CC-00203 (Tenn. Crim. App. at Jackson, July 15, 1999), *perm. to appeal denied*, (Tenn. Nov. 29, 1999). Because the issue of sufficiency of the evidence and the underlying issue of corroboration of accomplice testimony was previously determined on direct appeal, this issue may not again be relitigated in a post-conviction proceeding.

-3-

For the reasons stated, we affirm the judgment of the Madison County Circuit Court dismissing the Appellant's post-conviction petition without an evidentiary hearing.

_____

DAVID G. HAYES, JUDGE