IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 23, 2001

## TRACY LAMAR BELLE, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 230301     Douglas A. Meyer, Judge**

-------

**No. E2000-02787-CCA-R3-PC**
**July 23, 2001**
-------

The petitioner, Tracy Lamar Belle, Sr., appeals the denial of post-conviction relief contending that his right to due process has been violated by the application of the statute of limitations. Because the notice of appeal was not timely filed and because "the interest of justice" does not require the waiver of a timely notice, this appeal is dismissed. See Tenn. R. App. P. 4(a).

**Tenn. R. App. P. 3; Appeal Dismissed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Tracy Lamar Belle, Sr., pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; Randy Nichols, District Attorney General; Robert L. Jolley, Jr., and John Gill, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In 1994, the petitioner was convicted of second degree murder and attempted second degree murder. The trial court imposed an effective sentence of 25 years. On direct appeal, this court affirmed. On September 16, 1996, the supreme court denied the petitioner's application for permission to appeal. State v. Tracy Lamar Belle, No. 03C01-9503-CR-0094 (Tenn. Crim. App., at Knoxville, March 6, 1996), perm. to app. denied (Tenn. 1996). On November 8, 1999, the petitioner filed this petition for post-conviction relief, alleging the following as grounds for relief: (1) use of a coerced confession; (2) violation of his privilege against self-incrimination; (3) failure of the prosecution to disclose evidence favorable to him; (4) unconstitutional selection and impanelment of the grand or petit jury; (5) ineffective assistance of counsel; (6) newly discovered evidence; (7) use of illegal evidence; (8) jury misconduct; and (9) insufficiency of the evidence. The petitioner further alleged that the petition was timely filed because he did not learn of the supreme court's denial of his application for permission to appeal until December of 1998.

The trial court dismissed the petition, concluding that it was barred by the statute of limitations. See Tenn. Code Ann. § 40-30-202(a). The petitioner did not file a notice of appeal until more than 11 months later. The rule requires a notice of appeal to be submitted for filing within 30 days of the order dismissing the petition. See Tenn. R. App. P. 4(a). The timely filing of a notice of appeal may be waived by this court in a post-conviction case only "in the interest of justice." Tenn. R. App. P. 4(a); State v. Scales, 767 S.W.2d 157 (Tenn. 1989). The "interest of justice" does not require waiver in this case.

The original Post-Conviction Procedure Act of 1967 did not include a statute of limitations. On July 1, 1986, the General Assembly adopted a three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995). In 1995, our legislature passed the new Post-Conviction Procedure Act, which is applicable to all petitions filed after May 10, 1995. It shortened the statute of limitations to one year:

> (a) Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. . . . Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-202(a).

Under Tenn. Code Ann. § 40-30-202(b), courts may not consider a petition for post-conviction relief if it is filed outside the one-year statute of limitations unless "(1) [t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required. . . .; (2) [t]he claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) [t]he claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . ."

In concluding that the petitioner's petition for relief was untimely filed, the trial court ruled as follows:

> Even assuming that the petitioner's account of the facts is true . . . those facts do not toll the statute of limitations. Under Tenn. Code Ann. 40-30-202, the date of final action or judgment finality, not the date of the petitioner's discovery or notice thereof, is the crucial time for measuring the limitation period.

We agree. In <u>Burford v. State</u>, 845 S.W.2d 204, 208 (Tenn. 1992), our supreme court held that in certain situations application of the statute of limitations in a post-conviction proceeding might violate constitutional due process. In determining whether there has been such a violation, the essential question is whether the time period allowed by law provides the petitioner a fair and reasonable opportunity to file suit. <u>Id.</u> In <u>Burford</u>, the petitioner could not have filed within the three-year limitation absent a determination on his prior post-conviction petition. Our supreme court ruled that Burford was "caught in a procedural trap and unable to initiate litigation . . . despite the approach of the three-year limitation." <u>Id.</u> There was no such trap here.

In <u>Sands v. State</u>, 903 S.W.2d 297 (Tenn. 1995), our supreme court further defined how to apply the <u>Burford</u> test. Courts are required to

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," . . . against the State's interest in preventing the litigation of "stale and fraudulent claims."

<u>Sands</u>, 903 S.W.2d at 301 (citations omitted) (quoting <u>Burford</u>, 845 S.W.2d at 207, 208).

In this case, the limitations period would have begun to run on September 17, 1996, the day after the supreme court denied the petitioner's application for permission to appeal, and expired one year later. <u>See</u> Tenn. Code Ann. § 40-30-202. More than three years passed between the supreme court's denial of permission to appeal and the petitioner's filing of his petition for post-conviction relief. None of the petitioner's grounds for relief actually arose after the limitations period commenced. All that due process requires in such situations is that the law be sufficiently clear to give a person a reasonably understandable warning of its requirements. <u>Burford</u>, 845 S.W.2d at 208.

The petitioner concedes that he failed to file a timely petition for post-conviction relief, but argues that the application of the statute of limitations would abridge his right to due process. Specifically, he maintains that because he did not learn of the denial of his appeal to the supreme court until December of 1998, more than two years after the conclusion of the case, the statute of limitations should be tolled. The state contends that because the petition does not contain any of the statutory exceptions to the limitations period, the petition was properly dismissed. <u>See</u> Tenn. Code Ann. § 40-30-202(b).

In <u>State v. Jimmy Sills</u>, No. 03C01-9410-CR-00370 (Tenn. Crim. App., at Knoxville, May 10, 1995), decided before the legislature passed the 1995 amendments to the Post-Conviction Procedure Act, the petitioner contended that the barring of his petition for post-conviction relief would violate his constitutional due process guarantees. While conceding that he had failed to file

-3-

a timely petition for post-conviction relief, he argued that the statute of limitations should be tolled since he had no notification of the supreme court's denial of permission to appeal. State v. Jimmy Sills, slip op. at 2. This court determined that the due process rights of the petitioner were not violated:

> All that due process requires is that a law be sufficiently clear to give a person a reasonably understandable warning of its requirements. . . . [T]he time limitation contained in T.C.A. § 40-30-102 meets due process standards. . . .

Id. (citation omitted) (quoting Raymond Dean Willis v. State, No. 01C01-9211-CR-00359 (Tenn. Crim. App., at Nashville, Oct. 21, 1993), perm. to app. denied (Tenn. 1994)).

Because the statute of limitations had expired and there was no deprivation of due process, the petitioner is not entitled to relief.

Accordingly, the appeal is dismissed.

 

_____
GARY R. WADE, PRESIDING JUDGE