IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 5, 2006

## STATE OF TENNESSEE v. RAYMOND EARL MCKAY

**Appeal from the Circuit Court for Fayette County**
**No. 5631     J. Weber McCraw, Judge**

---

### No. W2006-00920-CCA-R3-PC  - Filed February 27, 2007

---

The Appellant, Raymond Earl McKay, appeals the dismissal of his petition for post-conviction relief by the Fayette County Circuit Court.  McKay pled guilty to one count of theft of property valued between $1,000 and $10,000, a Class D felony, and was sentenced, as a career offender, to twelve years in the Department of Correction.  On appeal, he asserts that his plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel.  After review, we conclude that McKay received erroneous advise from counsel during the plea bargaining process, which resulted in the entry of an involuntary and unknowing guilty plea.  Finding both deficient performance and prejudice, the case is remanded to the trial court for withdrawal of the guilty plea.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Reversed and Remanded**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Matthew R. Armour, Somerville, Tennessee (on appeal); and Shana McCoy-Johnson, Somerville, Tennessee (at guilty plea hearing), for the Appellant, Raymond Earl McKay.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Terry D. Dycus, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Factual Background

On March 25, 2005, the Appellant was arrested in Fayette County for the crime of theft.  The Appellant, who was traveling from Texas, had exited Interstate 40 at the Longtown exit because he was low on fuel.  Having no money for gas, the Appellant attempted to sell the radio in his vehicle to an individual at a BP station who happened to be a non-uniformed deputy sheriff.  A registration

check of the vehicle revealed that the 1997 Honda Civic had been reported stolen in Texas. The Appellant was placed in custody and, at his arraignment, was appointed counsel. After being bound over to the grand jury for Class D theft, the State of Arkansas placed a detainer on the Appellant for a pending drug charge and requested his extradition. The Appellant, whose family lived in Arkansas, advised appointed counsel of his desire to return to Arkansas as soon as possible. He professed his innocence in the crime and requested either an early trial date or that counsel negotiate a plea agreement which would permit his return to Arkansas so that he could serve any Tennessee sentence concurrently with any Arkansas sentence he might receive. During these discussions, counsel learned of the Appellant's history of prior felony convictions, which qualified him, for sentencing purposes, as a career offender. Counsel also explained that a quick trial date was not possible because the next term of the grand jury was in July and that a trial date would typically be set in November. Shortly thereafter, a plea agreement was reached. In order to expedite the proceedings, the State agreed, on May 12, 2005, to proceed with the Appellant's prosecution by criminal information, with the guilty plea hearing to immediately follow. At a meeting with the Appellant on this date, trial counsel again informed the Appellant that because he qualified as a career offender, the sentence he would receive, and the only sentence available, was a sentence of twelve years for his plea to Class D felony theft. Counsel told the Appellant that this was the best plea offer she could negotiate; however, she explained that if the Appellant was found guilty following a trial, the sentence would be the same, *i.e.*, twelve years. Counsel advised the Appellant during this conference that even though the prosecutor would not agree to a suspended sentence, he did agree that he "wouldn't take a position for or against it but it would be up to the court" and if granted, the Appellant would then be able to return to Arkansas as requested. On May 13, 2005, the Appellant pled guilty to Class D theft and was sentenced to twelve years in the Department of Correction.[1]

Twelve days later, on May 25, 2005, the Appellant filed a "Motion for Correction or Reduction of Sentence or Post-Conviction Relief." In his petition, the Appellant alleged that his guilty plea was not knowingly and voluntarily entered due to the ineffective assistance of counsel. After a hearing, the trial court denied post-conviction relief, and this appeal followed.

**Analysis**

On appeal, the Appellant contends that his plea was not entered knowingly and voluntarily due to the erroneous advice of counsel, and, but for this advice, he would not have pled guilty. As a preliminary matter, the State asserts that this court is precluded from considering the Appellant's arguments because the Appellant did not file his notice of appeal within thirty days of the entry of the post-conviction court's judgment. *See* Tenn. R. App. P. 4(a). The order dismissing the Appellant's petition was sent to the Appellant on March 29, 2005, and the notice of appeal was not filed until May 2, 2006, which was three days late. This court may waive an untimely filing of a notice of appeal "in the interest of justice." *State v. Scales*, 767 S.W.2d 157, 158 (Tenn. 1989); *see also* Tenn. R. App. P. 3(e) & 4(a). In determining whether waiver is appropriate, this court should

---

[1] On this date, the Appellant was transported from the Fayette County Jail to Hardeman County Circuit Court, where the trial judge was holding court, to accommodate the guilty plea.

consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. *Larry Coulter v. State*, No. M2002-02688-CCA-R3-PC (Tenn. Crim. App. at Nashville, Oct. 21, 2003). We conclude that justice is best served by reviewing the Appellant's issue upon the merits. Accordingly, the untimely filing of the notice of appeal document is waived.

To establish ineffective assistance of counsel under the Sixth Amendment of the United States Constitution and article I, section 9 of the Tennessee Constitution, a petitioner must demonstrate both that counsel's performance was deficient and the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 692, 104 S. Ct. 2052, 2064 (1984); *Howell v. State*, 185 S.W.3d 319, 326 (Tenn. 2006) (citing *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996)). A petitioner's failure to establish either prong justifies the denial of relief. *Nichols v. State*, 90 S.W.3d 576, 586 (Tenn. 2002). When a petitioner claims that the ineffective assistance of counsel resulted in a guilty plea, the petitioner must prove that counsel performed deficiently and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985); *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997). In *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court held that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases.

In order to succeed on a post-conviction claim, the Appellant bears the burden of showing, by clear and convincing evidence, the allegations set forth in his petition. T.C.A. § 40-30-110(f) (2003). The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law*, are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

An evidentiary hearing was conducted by the post-conviction court on March 29, 2006, with the Appellant and trial counsel testifying. First, we are constrained to note that this court has repeatedly and exhaustively reiterated the need to include the transcript of the guilty plea hearing in a post-conviction appeal which involves a challenge to the guilty plea. Failure to do so will result in waiver of the appeal if the reviewing court is unable to make a proper determination of the issue presented without the transcript or relevant document. *See* Tenn. R. Crim. P. 24(b). In this case, we are able to proceed with the appeal only because the material facts underlying the Appellant's challenge to the guilty plea are not materially in dispute.

It is undisputed from the testimony of both the Appellant and trial counsel and from the Appellant's letters to counsel, which are included as exhibits, that the pre-plea discussions between

the Appellant and counsel enveloped: (1) the Appellant's professed innocence of the crime[2]; (2) his desire to return to Arkansas as soon as possible; (3) his desire to obtain a favorable plea agreement which would permit his Arkansas and Tennessee sentences to run concurrently; (4) discussions regarding the Appellant's prior criminal history and his classification as a career offender; and (5) counsel's informing the Appellant that she had obtained a plea agreement for a sentence of twelve years and that the trial judge would decide whether the sentence would be suspended.[3]

On May 13, 2005, the Appellant, under the terms of the plea agreement, pled guilty to the indicted offense and received the agreed sentence of twelve years as a career offender in the Tennessee Department of Correction. Testimony indicated that based on the Appellant's responses during the plea litany, the guilty plea hearing was terminated and resumed several hours later.[4] The Appellant's request for a suspended sentence was denied.

At the post-conviction hearing, the Appellant testified that a suspended sentence was routinely discussed with trial counsel during all pre-plea discussions and that counsel "brought [him] the papers for probation" which he signed. The Appellant stated that probation was again discussed on the date he entered his plea and that counsel advised him, "if [he took] the plea that since Arkansas had a hold on [him] that [he] would be sent back to Arkansas and whatever Arkansas had gave they would run it concurrent with Tennessee." At the post-conviction hearing, counsel testified regarding the conversation she had with the Appellant, prior to entry of the plea, concerning his continuing desire to return to Arkansas.

> I told him I could ask the Court for a suspended sentence, which I did, on both – at the attempted plea and at the plea in Hardeman County, that what I could do – I had hoped to get Mr. Dycus to agree that we would suspend his sentence and,

---

[2]The Appellant maintained that he had nothing to do with the theft of the Honda Civic, that he had purchased the car and was handed the keys. However, he acknowledged that he "just didn't finish paying for the car." There is nothing in the record to indicate that the State of Texas ever sought prosecution of the Appellant or return of the Appellant to Texas.

[3]The plea document reflects that the Appellant entered a plea pursuant to Rule 11(c)(1)(C), Tenn. R. Crim. P., which provides that a specific sentence, twelve years, is the appropriate disposition of the case. It is fundamental that a Rule 11(c) plea is binding upon the court and may not be modified. The side agreement in this case requesting a suspended sentence, in effect, produced a hybrid form of an "open" or appealable plea and an agreed or binding plea, which is not authorized by Rule 11, Tenn. R. Crim. P. Moreover, the nature of the plea brings into question its voluntariness, as the defendant may logically assume that he or she may receive a sentencing benefit from the court, as in this case, a suspended sentence, which the court is not authorized to impose.

[4]The post-conviction court's findings of fact stated that because "it initially appeared that the [Appellant] had some concern about the plea on the date that the plea was entered . . . the plea proceedings were terminated by the Court. Later in the day and without further conversation by counsel with the [Appellant] the [Appellant] indicated his continued desire to enter into a plea."

therefore, he would be released to his detainer in Arkansas. Mr. Dycus, due to the length record of Mr. McKay, would not agree to that; however, he, I think, indicated he really wouldn't take a position for or against but it would be up to the Court, which was explained on the 12th of May to Mr. McKay at the jail.

And I asked both times that was talked about on the record that he had a detainer from Arkansas, it was our desire that the Court would suspend this sentence, that the case, which he is correct, did not involve anything being stolen in Tennessee. It involved him being – exercising possession or control over items stolen, and that was the basis for the guilt, that, you know, there will be no Tennessee citizens affected by his release to Arkansas, in other words, because the victim was from Texas, and he would be detained in Arkansas. And I think I even suggested that if we would release him to Arkansas, then if the Court would feel better, perhaps then the Court could put a detainer back on him in Arkansas so if he were released before the sixty percent of twelve years, but the Court declined to do that.

At the conclusion of the hearing, the post-conviction court entered the finding that, "The Court accredits the testimony of [trial counsel]" and concluded that the Appellant's guilty pleas were entered knowingly and voluntarily.

When evaluating the knowing and voluntary nature of a guilty plea, the United States Supreme Court has held that, "[t]he standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessary implicate that guilty pleas be voluntarily and intelligently made. *Hill v. Lockhart*, 474 U.S. at 56, 106 S. Ct. at 369 (citing *North Carolina v. Alford*, 400 U.S. at 31, 91 S. Ct. at 164).

In its brief, the State argues that the Appellant knew that by pleading guilty:

there was a *chance* the trial court would suspend his sentence and he would be sent to Arkansas to answer charges there. Trial counsel made it very clear to the petitioner that she would ask the court to suspend his sentence so this would happen, but that she did not promise this to the defendant. Moreover, the petitioner knew, at the time of his pleading guilty, that there was no guarantee that his sentence would be suspended and he would be sent to Arkansas.

While we would agree that the Appellant was never promised or guaranteed a suspended sentence, it is fundamental that the Appellant was statutorily ineligible to receive a suspended sentence in this case. On the date of the offense, our law provided that only those defendants whose

sentences were eight years or less were eligible for a suspended sentence.  T.C.A. § 40-35-303(a) (2003).[5]

The constitutional validity of a guilty plea entered upon advice of counsel depends upon whether the advice was within the range of competence demanded of attorneys in criminal cases. *See Baxter v. Rose*, 523 S.W.2d at 936.  It is fundamental that a plea resulting from ignorance, misunderstanding, coercion, inducements, or threats, is not "voluntary." *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).  Moreover, a defendant's election to plead guilty, when based upon erroneous advice of counsel, is not done voluntarily and knowingly.  Trial counsel's incorrect legal advice is manifest in this case as the trial court was without authority to suspend the Appellant's twelve-year sentence.  Accordingly, we conclude that deficient performance is shown.

The second prong of *Hill v. Lockhart* requires that the Appellant show prejudice.  474 U.S. at 59, 106 S. Ct. at 370.  Evidence during the pre-plea proceedings clearly established that the Appellant maintained that he was not guilty of auto theft and wanted to go to trial.  The proof at the post-conviction hearing demonstrates that the Appellant's guilty plea was induced by the "chance" that he would be able to return to Arkansas and have his sentences run concurrently.  Relying upon this inducement, the Appellant pled guilty.  Three days after the guilty plea hearing, the Appellant, apparently assuming he was going to Arkansas, requested by letter that trial counsel "bring me a copy of my commitment running concurrent with Arkansas . . . ."  Nine days later, the Appellant sought correction of his sentence.  During this period, the Appellant was advised by authorities that "Arkansas had dismissed their charges" in view of the twelve-year sentence imposed in Tennessee.[6] For these reasons, we conclude that prejudice has been established.

In view of our holding, we, in turn, address the post-conviction court's finding that no "representations for probation or concurrent sentences" were made to the Appellant.  This finding is contradicted by the testimony of trial counsel, who stated, "I told [Appellant] I could ask the court for a suspended sentence, which I did"; the testimony of the Appellant, who confirmed the testimony of trial counsel, and the State's assertion on appeal that "there was a chance the trial court would suspend his sentence."  While we agree that the post-conviction court properly found that the Appellant understood he was waiving his right to trial by jury, his right against self-incrimination,

_____

[5]Both trial counsel and the Appellant referred to his release from the service of the twelve-year sentence as a suspended sentence, while the post-conviction court's findings speak in terms of a probated sentence.  Irrespective of the terms used, it is clear that if a sentencing court "determines that a period of probation is appropriate the court shall sentence the defendant to a specific sentence, but shall suspend the execution of all or part thereof and place the defendant on supervised or unsupervised probation." T.C.A. § 40-35-303(c). Although not argued by the State, it is also clear that the Appellant was ineligible for community corrections sentencing as this requires supervision within the county of a judicial district of this state. *See* T.C.A. § 40-35-102(4) (2003).

Finally, we would observe that Tennessee Code Annotated section 40-35-303 was amended effective June 7, 2005, to permit probation eligibility for a defendant whose sentence is ten years or less.

[6]Because neither the State of Texas nor the State of Arkansas chose to prosecute for the crimes originating in their jurisdiction, the Appellant remains incarcerated in the Tennessee Department of Correction.

-6-

and his right to confrontation as required by *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969), the court failed to consider the effect of trial counsel's erroneous advice and the added effect of its inducement upon the knowingness and involuntariness of his plea. Accordingly, we conclude that the proof preponderates against the post-conviction court's findings that neither deficient performance or prejudice was established by the Appellant.

## CONCLUSION

For the foregoing reasons, we hold that the Appellant was denied the effective assistance of trial counsel based upon counsel's erroneous advice; that the judgment of conviction is reversed; the case is remanded with instructions that the Appellant's guilty plea be vacated; and the case is to proceed as provided by law.

_____
DAVID G. HAYES, JUDGE