**STATE of Tennessee, Appellant,**

v.

**Wendell SCALES, Defendant–Appellant.**

Supreme Court of Tennessee,
at Nashville.

March 13, 1989.

Monte D. Watkins, Nashville, for defendant/appellant.

Charles W. Burson, Atty. Gen. & Reporter, Albert L. Partee, III, Asst. Atty. Gen., Dan Hamm, Asst. Dist. Atty. Gen., Nashville, for the State of Tenn./appellant.

## OPINION

PER CURIAM.

The Appellants, State of Tennessee, and Wendell Scales, have each filed Applications for Permission to Appeal pursuant to Rule 11, Tenn.R.App.P.

The State of Tennessee presents the following issue for review: "Did the Court of Criminal Appeals correctly construe the words 'criminal case' in Rule 4(a), Tenn.R. App.P. to include appeals in post-conviction cases?" The State contends that defendant's appeal to the Court of Criminal Appeals should have been dismissed due to the untimely filing of the notice of appeal. The defendant did not file his notice of appeal until fifty-one days after entry of the order in the trial court dismissing his petition for post-conviction relief.

Rule 4(a), Tenn.R.App.P., provides, in part, as follows:

> In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeal, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all *criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.* The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice. (emphasis added.)

The State sought to have the appeal dismissed in the Court of Criminal Appeals alleging that proceedings under the Post–Conviction Procedure Act are civil rather than criminal in nature and that, as a result, that Court had no jurisdiction to consider the appeal under Rule 4, Tenn.R.App. P. Judge Gary Wade, speaking for the Court, stated: "Labels of civil and criminal have little application when constitutional rights hang in the balance. *See Smith v. Bennett,* 365 U.S. 708, 81 S.Ct. 895, 897–898 [6 L.Ed.2d 39] (1961)." The Court denied the State's motion to dismiss finding that "the merits of the appeal are appropriate for consideration 'in the interest of

justice.' Rule 4(a), Tenn.R.App.P." The Court ultimately denied relief upon considering the merits of defendant's appeal.

As the Court of Criminal Appeals pointed out, "[t]here are no reported cases in this state on the issue of whether a post-conviction proceeding is civil or criminal in nature." The State has cited numerous unreported opinions by the Court of Criminal Appeals in which they have repeatedly found that a post-conviction proceeding is not a criminal matter but a civil matter and the requirements of filing a timely notice of appeal is mandatory to invoke the jurisdiction of the Court, and cannot be waived. We disagree with this line of cases. For purposes of Rule 4(a), Tenn.R.App.P., post-conviction proceedings are criminal in nature and the notice of appeal may be waived "in the interest of justice." The Court of Criminal Appeals in this case correctly construed the words "criminal case" in Rule 4(a) to include appeals in post-conviction cases. The State's application for permission to appeal is accordingly denied.

The defendant/appellant Wendell Scales alleges in his Rule 11, Tenn.R.App.P., application a violation of his constitutional right to effective assistance of counsel. His petition for post-conviction relief was denied in the Criminal Court of Davidson County after an evidentiary hearing. The Court of Criminal Appeals found "no merit to the claim of petitioner that he received ineffective assistance of counsel in the original trial." We concur with the trial court and the Court of Criminal Appeals and the defendant Scales' application for permission to appeal is denied.

The costs on appeal are taxed equally between the parties.