**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT NASHVILLE**

**FILED**

July 7, 1998

Cecil W. Crowson
Appellate Court Clerk

PHILIP E. KNIGHT,

    Appellant,

VS.

STATE OF TENNESSEE,

    Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

C.C.A. NO. 01C01-9709-CR-00417

(No. SN-15193 Below)

DAVIDSON COUNTY

The Hon. Frank G. Clement, Jr.

(Dismissal of Post-Conviction Petition)

AFFIRMED PURSUANT TO RULE 20

**O R D E R**

This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules.

It appears that on June 30, 1994, the petitioner pled guilty to one count of vehicular homicide and four counts of reckless endangerment with a weapon. No appeal was taken. Thereafter, on October 7, 1997, the petitioner filed a petition for post-conviction relief. The trial court dismissed the petition without a hearing upon a finding that the petition was barred by the one-year statute of limitation. The petitioner then filed an application for interlocutory appeal, which was also denied. However, the trial court waived the filing of a timely notice of appeal and allowed a delayed appeal.

Initially, we note that pursuant to T.R.A.P. 4(a), motions to waive the notice of appeal document shall be reviewed by this Court to determine whether such a waiver is in the interest of justice, and we find that it is in the interest of justice that the requirement be waived in this case. See State v. Scales, 767 S.W.2d 157 (Tenn. 1989).

Regardless, we find that the petition for post-conviction relief is barred by the statute of limitation. Pursuant to T.C.A. § 40-30-206(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal was taken. The Compiler's Notes to T.C.A. § 40-30-201 states that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that "any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part."

Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitation unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

In the present case, the petitioner filed his petition for post-conviction relief on October 7, 1996. Accordingly, the petition is governed by the 1995 Post-Conviction Act, and the petition was filed outside the statute of limitation set forth in T.C.A. § 40-30-202(a). Moreover, the petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b). Instead, the petitioner submits that our Supreme Court's opinion in Carter v. State, 952 S.W.2d 417 (Tenn. 1997), has been misconstrued to mean that the right of those petitioners who originally fell under the three-year statute of limitation to file a post-conviction petition expired on May 10, 1996. This argument is without merit.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Tennessee Court of Criminal Appeals Rules, is granted, and the judgment of the trial court is affirmed. Costs of these proceedings are taxed to the petitioner.

_____
DAVID H. WELLES, JUDGE

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
THOMAS T. WOODALL, JUDGE