IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 13, 2000

## STATE OF TENNESSEE v. BILLY J. COFFELT

**Appeal from the Criminal Court for Davidson County**
**No. D-1179     Cheryl Blackburn, Judge**

---

**No. M1998-00337-CCA-R3-CD - Filed February 1, 2001**

---

The petitioner appeals the trial court's denial of his motion for delayed appeal regarding his petition for post-conviction relief.  We remand the case to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Case Remanded**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Leslie A. Bruce, Nashville, Tennessee, attorney for the appellant, Billy J. Coffelt.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Counsel for the State; Victor S. Johnson, III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On October 21, 1983, the petitioner, Billy J. Coffelt, was sentenced to life imprisonment for assault with intent to commit first degree murder and to imprisonment for not less than ten but not more than twenty-one years for assault with intent to commit robbery with a deadly weapon.  The petitioner did not appeal his convictions.  In February 1987, the petitioner filed a petition for post-conviction relief, which was denied by court order on October 2, 1987.  The record does not contain this petition nor does it reflect the reason for the trial court's denial of the petition.  This denial was not challenged until April 28, 1998, when the petitioner filed a motion to set an evidentiary hearing regarding the status of his petition for post-conviction relief.  The trial court denied this motion on the ground that the post-conviction petition was denied on October 2, 1987.  On July 24, 1998, the petitioner filed a motion for delayed appeal, which the trial court denied on the ground that the post-conviction petition was denied on October 2, 1987.

The petitioner contends that he has not had the opportunity to present his arguments to the court concerning his post-conviction petition.  He asserts that he should be granted a delayed appeal

from the denial of his post-conviction petition because his post-conviction counsel did not appeal or inform him of the denial. Although not entirely clear, he also appears to assert that he should be granted a delayed appeal from his original convictions because his trial counsel did not file a notice of appeal.

The petitioner appeals from the denial of his motion for delayed appeal pursuant to T.R.A.P. 3(a). However, this rule does not provide the petitioner an avenue to this court. While Rule 3(a) provides for an appeal from a final judgment in a post-conviction proceeding, the Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief. Tenn. Code Ann. § 40-30-202(c). If the petitioner's motion for delayed appeal is treated as a post-conviction petition, then it would be his second post-conviction petition, which is not allowed under the act. Id. Likewise, none of the other provisions of Rule 3(a) apply. We also note that the petitioner has not made allegations that would allow us to treat the appeal as a writ of certiorari. The petitioner has not alleged that the trial court has exceeded its jurisdiction or acted illegally or arbitrarily. See Tenn. Code Ann. § 27-8-101; State v. Leath, 977 S.W.2d 132, 135 (Tenn. Crim. App. 1998).

While the petitioner is not entitled to appellate review of the denial of his motion for delayed appeal, we realize that the petitioner is attempting to obtain the right to appeal from the denial of his original post-conviction petition. In this respect, we note that we may waive the notice of appeal requirement if, in our discretion, the interest of justice so requires. See T.R.A.P. 4(a); State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989). Moreover, we have previously stated that the petitioner's failure to receive notice of the denial of his petition could bear upon whether he may be entitled to a waiver of the notice of appeal requirement. See James Moore v. State, No. 02C01-9511-CC-00337, Madison County, slip op. at 4 (Tenn. Crim. App. Mar. 19, 1999), app. denied (Tenn. Oct. 4, 1999) (stating that in determining whether to grant a waiver, the court "shall consider the nature of the issues presented for review, the reasons for the delay in seeking relief, as well as other factors presented in the case").

We conclude that this case should be remanded to the trial court for an evidentiary hearing regarding whether the petitioner received due notice of the denial of his post-conviction petition. The Post-Conviction Procedure Act provides that "[t]he clerk of the court shall send a copy of the final judgment to the petitioner, the petitioner's counsel of record, any authority imposing restraint on the petitioner and the attorney general and reporter at Nashville." Tenn. Code Ann. § 40-30-212. This statute is identical to the provision under the former post-conviction procedure act, see Tenn. Code Ann. § 40-30-119 (repealed 1995). In addressing the former statute, we held that it "mandate[s] service of the judgment upon a post-conviction petitioner even if he is represented by counsel." James Timothy Clotfelter, No. 03C01-9206-CR-00210, Knox County, slip op. at 7 (Tenn. Crim. App. July 8, 1993). Because the new statute is identical to the former one, we conclude that Clotfelter continues to apply. Under Clotfelter, if the clerk fails to send the petitioner a copy of the final judgment, then the petitioner is entitled to relief from the "effectiveness of the judgment and from time limitations which are triggered by the filing of the judgment if it is shown that the petitioner was unaware of the judgment, its substance and its entry or that such knowledge could not be attributed to him." James Timothy Clotfelter, slip op. at 7 (noting that even if the evidence shows

that the clerk sent a copy to the petitioner, "relief may be had if the petitioner establishes by a preponderance of the evidence that he did not receive the judgment and was, in fact, neither aware nor should have been aware of the judgment, its substance and its entry").

In this case, the petitioner alleges in his motion for delayed appeal that his post-conviction counsel never informed him of the denial of his petition. Moreover, he alleges that he had been "waiting all [these] years for the court to decide to hear the petition" and that he thought that "the petition would be heard when a judge was found to hear the petition." The inferences from these allegations are that the petitioner did not receive a copy of the final judgment and was unaware of the judgment, its substance and its entry. The petitioner also alleges that his post-conviction counsel never filed a motion to withdraw and "has consistently advised" him that his trial attorney "is now a judge and cannot be brought to answer for any ineffective assistance he may have rendered." The inferences from these allegations are that the petitioner believed that he was still represented and that he inquired about his case through his counsel. Thus, the allegations and their resulting inferences, if true, could be factors to consider regarding the waiver of the notice of appeal requirement. We note that in <u>Kenneth Lee Weston v. State</u>, our supreme court ordered the case remanded to the trial court for an evidentiary hearing regarding whether the petitioner was improperly denied a first tier appeal of his post-conviction petition. No. 03C01-9209-CR-00308, Knox County (Tenn. Nov. 8, 1993). We also note that waiver is not automatic but depends on all the relevant factors presented in the case, including the reasons for the lengthy delay, which include, but are not limited to, (1) whether the petitioner was aware, through his own knowledge or knowledge that could be attributed to him, of the final judgment denying his post-conviction petition, its substance, or its entry and (2) whether the petitioner inquired about his case and if he did, then when, to whom, and what information did he receive. Accordingly, we remand the case for the trial court to hold an evidentiary hearing and make factual findings, which we can then consider to determine whether waiver is warranted in this case.

Based upon the foregoing and the record as a whole, we remand the case for an evidentiary hearing regarding whether the petitioner had due notice of the denial of his post-conviction petition and other relevant factors concerning the lengthy delay. Upon the record of the trial court's findings and conclusions, the petitioner may seek to have the notice of appeal in his post-conviction case waived.

_____
JOSEPH M. TIPTON, JUDGE