IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 16, 2003

## THOMAS EDWARD REDDICK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Knox County**
**No. 75738      Mary Beth Leibowitz, Judge**

_____

**No. E2003-00578-CCA-R3-PC**
**March 23, 2004**
_____

The petitioner, Thomas Edward Reddick, pled guilty in the Knox County Criminal Court to second degree murder and received a sentence of twenty-eight years imprisonment in the Tennessee Department of Correction.  Subsequently, the petitioner filed a petition for post-conviction relief, which petition the post-conviction court dismissed for failure to state a colorable claim for relief. The petitioner appealed.   Upon review of the record and the parties' briefs, we dismiss the petitioner's appeal as being untimely.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Thomas Edward Reddick, Wartburg, Tennessee, Pro se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Marsha Mitchell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 6, 2002, the petitioner pled guilty to second degree murder.  Pursuant to the plea agreement, he was sentenced as a Range II multiple offender to twenty-eight years incarceration. Subsequently, the petitioner, acting pro se, submitted a form petition for post-conviction relief.  The certificate of service indicates that the petition was mailed on September 27, 2002, and the clerk's stamp on the petition indicates that it was filed on October 1, 2002.

In the petition, the petitioner stated that he was aggrieved because "[m]y attorney did not represent me to the best of his knowledge."  Additionally, the petitioner checked boxes on the form to indicate that he was asking for post-conviction relief because his "[c]onviction was based on [an] unlawfully induced guilty plea or [a] guilty plea involuntarily entered without understanding of the

nature and consequences of the plea," because he was "[d]eni[ed] effective assistance of counsel," and because of "[o]ther grounds." The petitioner failed to provide specific facts or explanations for any of his alleged grounds for relief.

After reviewing the petition, the post-conviction court, without appointing counsel or holding an evidentiary hearing, dismissed the petition for failure to state a colorable claim for relief. The order dismissing the petition was issued on December 6, 2002. Thereafter, the petitioner filed a "Supplement Memorandum of Authorities in Support of Petitioner's Petition for Rehearing for Post Conviction Relief" in which he alleged additional grounds for relief and explained his previous complaints. The certificate of service provided that the document was sent on December 27, 2002, and the clerk's stamp showed that the document was filed on January 6, 2003. Again, on January 29, 2003, the post-conviction court denied the petition for failure to state grounds for relief.

On appeal, the petitioner contends that the post-conviction court erred in dismissing his petition without appointing counsel and holding an evidentiary hearing. Conversely, the State argues that the post-conviction court acted correctly and, additionally, that this court should dismiss the appeal because the petitioner did not file a timely notice of appeal.

## II. Analysis

Before we may address the merits of the petitioner's claims, we must first determine whether he has correctly and timely appealed to this court. Rule 3(b) of the Tennessee Rules of Appellate Procedure provides that a criminal defendant may appeal to this court following "a final judgment in a . . . post-conviction proceeding." Rule 4(a) of the Tennessee Rules of Appellate Procedure instructs that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." The Advisory Commission Comments to Rule 4 maintain that "[t]hirty days is sufficient time particularly in light of the fact that a party is required to do nothing to initiate the appellate process except file and serve notice of appeal."

In connection with this issue, this court has noted that

> if a timely motion (1) for judgment of acquittal, (2) for a new trial, (3) for arrest of judgment, or (4) for a suspended sentence is filed, the 30 days [for filing a notice of appeal] run from the entry of the order determining such motion or motions. [Tenn. R. App. P.] 4(c). *No other motion, including one for rehearing, is allowed to suspend the running of the appeal time from the entry of the judgment.*

State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992) (emphasis added); see also Larry Coulter v. State, No. M2002-02688-CCA-R3-PC, 2003 WL 22398393, at *1 (Tenn. Crim. App. at Nashville, Oct. 21, 2003), perm. to appeal denied, (Tenn. 2004). Notably, "'there is no provision

in the Tennessee Rules of Criminal Procedure for a "petition to reconsider" or a "petition to rehear."'" Lock, 839 S.W.2d at 440 (quoting State v. Ryan, 756 S.W.2d 284, 285 n. 2 (Tenn. Crim. App. 1988)).

In the instant case, the post-conviction court dismissed the petition for post-conviction relief on December 6, 2002. This was the final judgment from which the petitioner should have appealed. Accordingly, the petitioner could have timely filed a notice of appeal within thirty days of that date. Instead, on January 6, 2003, the petitioner filed a petition to rehear in the post-conviction court. On January 29, 2003, the post-conviction court denied the petition to rehear, again stating that the petitioner had failed to raise a colorable ground for post-conviction relief. It is from this January 29, 2003, order that the petitioner specifically appealed, filing his notice of appeal on February 26, 2003.

We note that Rule 3(b) of the Tennessee Rules of Appellate Procedure does not provide for an appeal as of right after a trial court's denial of a petition to rehear. Therefore, we are precluded from reviewing the post-conviction court's denial of the petitioner's petition to rehear. Additionally, the petitioner failed to timely file a notice of appeal of the post-conviction court's December 6, 2002, order dismissing his petition for post-conviction relief. The petitioner's filing of the petition to rehear did not toll the thirty-day time limit for filing his notice of appeal. See Coulter, No. M2002-02688-CCA-R3-PC, 2003 WL 22398393, at *1; cf. Antonio Bonds v. State, No. W2003-00260-CCA-R3-PC, 2003 WL 22718186, at *2 (Tenn. Crim. App. at Jackson, Nov. 14, 2003), perm. to appeal denied, (Tenn. 2004).

We acknowledge that Rule 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Moreover, our supreme court has stated that "[f]or purposes of Rule 4(a), Tenn. R. App. P., post-conviction proceedings are criminal in nature and the notice of appeal may be waived 'in the interest of justice.'" State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989). Thus, this court has the option of waiving the timely filing of the notice of appeal. However, from our review of the record, we conclude that "the interest of justice" does not demand a waiver of the timely filing of the notice of appeal.

### III. Conclusion

Accordingly, we dismiss the petitioner's appeal as untimely.

_____
NORMA McGEE OGLE, JUDGE

-3-