# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 8, 2007

## TIMOTHY A. BAXTER v STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-05-75   Roy Morgan, Judge**

---

**No. W2006-01667-CCA-R3-PC  - Filed September 26, 2007**

---

Petitioner, Timothy Baxter, pled guilty to a multitude of offenses on December 10, 2001. As a result of this negotiated plea, Petitioner received an effective sentence of twelve years. Petitioner did not file a petition for post-conviction relief until February 25, 2005, which was over two years outside the statute of limitations under T.C.A. § 40-30-102. On May 4, 2005, the post-conviction court dismissed the petition for being outside the statute of limitations. Petitioner did not file a notice of appeal within thirty days as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure. On July 20, 2006, over a year after the post-conviction court filed its order dismissing his petition, Petitioner filed a motion for delayed notice of appeal. Five days later, the post-conviction court denied Petitioner's request. On August 7, 2006, Petitioner filed a notice of appeal from the post-conviction court's dismissal of his motion for delayed appeal. Following a thorough review of the record, we dismiss Petitioner's appeal on the grounds that there is no entitlement to a delayed appeal from the post-conviction court's denial of Petitioner's petition for post-conviction relief. In addition, it is not in the interest of justice to waive the timely filing of a notice of appeal in Petitioner's case. Therefore, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Timothy A. Baxter, Pro Se, Tiptonville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter; Leslie E. Price, Assistant Attorney General; Jerry Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On December 10, 2001, Petitioner pled guilty to possession of methamphetamine, possession of marijuana, manufacture of methamphetamine, felony possession of a handgun, possession of drug paraphernalia, and theft over $10,000 and received an effective twelve-year sentence as a Range II multiple offender pursuant to the plea agreement. Petitioner did not file a direct appeal.

On May 19, 2004, Petitioner filed a petition for a writ of habeas corpus in the Lake County Circuit Court. *Timothy A. Baxter v. Tony Parker, Warden*, No. W2004-01451-CCA-R3-HC, 2004 WL 2821231, at *1 (Tenn. Crim. App., at Jackson, Dec. 8, 2004). The habeas corpus court summarily dismissed the petition on May 28, 2004. *Id.* On appeal, this Court affirmed the dismissal pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. *Id.* at 2.

On February 25, 2005, Petitioner filed a petition for post-conviction relief in the Madison County Circuit Court stemming from his guilty plea on December 10, 2001. In its response, the State pointed out that the petition was well outside the one-year statute of limitations. In an order filed May 4, 2005, following a hearing, the post-conviction court dismissed the petition as filed beyond the statute of limitations. The court found Petitioner had not established a basis for tolling the statute. Petitioner failed to file a timely notice of appeal. On July 20, 2006, over a year after the dismissal of his petition, Petitioner filed a "Permission to File a Delayed Notice of Appeal" in the post-conviction court. On July 25, 2006, the post-conviction court denied the request. On August 7, 2006, Petitioner filed a notice of appeal to this court from the post-conviction court's denial of his permission for delayed notice of appeal.

## ANALYSIS

Petitioner brings four issues on appeal, including whether the post-conviction court should have tolled the statute of limitations with regard to his post-conviction petition, two issues dealing with the post-conviction court's denial of his motion for permission for delayed notice of appeal and an issue concerning his habeas corpus petition.

Petitioner's issues regarding whether the post-conviction court properly denied his motion for permission to file a delayed notice of appeal are threshold issues in this case. For the reasons stated below, Petitioner's appeal must be dismissed. We initially point out that Rule 3(b) of the Tennessee Rules of Appellate Procedure states:

In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(I) or (iv) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b). The post-conviction court's denial of Petitioner's motion to file a delayed notice of appeal does not fall under the enumerated actions from which an individual may appeal as of right. Therefore, this Court's jurisdiction has not been properly invoked.

Even if we consider Petitioner to be appealing the post-conviction court's dismissal of his petition for post-conviction relief, Petitioner would still be unsuccessful. In *Stokes v. State*, 146 S.w.3d 56 (Tenn. 2004), our supreme court addressed whether a Petitioner is entitled to a delayed appeal from the denial of post-conviction relief. In *Stokes*, the petitioner pleaded guilty to one count each of first degree and second degree murder. *Stokes*, 146 S.W.3d at 57. The petitioner did not file a direct appeal, but did file a petition for post-conviction relief. *Id.* This Court affirmed the post-conviction court's denial of the petition. *Id.* The petitioner did not file an application for permission to appeal to the Tennessee Supreme Court from this Court's decision. *Id.* After the mandate had been issued, the petitioner attempted to appeal to the supreme court through different motions. *Id.* at 58. After an evidentiary hearing held by the post-conviction court, this Court held that the petitioner was denied due process through the ineffectiveness of post-conviction counsel not filing application for permission to appeal or withdrawing as counsel. Therefore, the petitioner was entitled to a delayed appeal to the supreme court. *Id.* On appeal to our supreme court this issue presented was whether this Court erred in granting the petitioner a delayed appeal. *Id.* at 59. The supreme court stated that a right to a delayed appeal was established in the Post-conviction Procedure Act. *Id.* The court went on to say that delayed appeals have been restricted to "ineffective assistance of counsel on direct appeal. *Id.* The court finally determined that it "declin[ed] to extend the right to a delayed appeal" to second -tier review of the denial of post-conviction relief. *Id.*

In *Darrel D. Hayes v. State*, No. 01C01-9604-CR-00163, 1997 WL 537079 (Tenn. Crim. App., at Nashville, Sept. 2, 1997), this Court determined that a petitioner is not entitled to a delayed appeal from the denial of a second petition for post-conviction relief. *Darrel D. Hayes*, 1997 WL 537079 at *3. This court stated that "a delayed appeal is reserved for the direct appeal of the original conviction." *Id.* In Jessie Hodges v. State, No. W2005-01852-CCA-R3-PC, 2006 WL 211829

(Tenn. Crim. App., at Jackson, Jan. 25, 2006), appl. perm. app. denied, (Tenn. May 30, 2006), this Court again denied a petitioner a delayed appeal from a lower court's denial of post-conviction relief. According to the current caselaw, Petitioner is not entitled to a delayed appeal from the post-conviction court's denial of his petition for post-conviction relief.

In both *Jessie Hodges* and *Darrel D. Hayes*, this Court stated that there was no delayed appeal from the denial of a petition for post-conviction relief. This Court also determined whether it was in the interest of justice before waiving the petitioners' appeals. *Jessie Hodges*, 2006 WL 211829 at *1; *Darrel D. Hayes*, 1997 WL 537079 at * 3.

Under Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal in criminal cases is not jurisdictional, and can be waived by this court "in the interests of justice." *See also*, *State v. Scales*, 767 S.W.2d 157, 158 (Tenn. 1989). To determine whether waiver is appropriate in a case, this Court considers the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. *Larry Coulter v. State*, No. M2002-02688-CCA-R3-PC, 2003 WL 22398393, at *2 (Tenn. Crim. App., at Nashville, Oct. 21, 2003).

The issue for review in Petitioner's delayed appeal is the post-conviction court's dismissal of his post-conviction petition that was filed more than two years outside the statute of limitations. A post-conviction court does not have jurisdiction to consider a petition filed outside the one-year statute of limitations unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Petitioner was unable to prove any of these bases for tolling the statute of limitations in the hearing held by the post-conviction court. In fact, at the outset of the hearing, Petitioner's attorney stated that he knew of no exceptions to the statute of limitations that would apply to Petitioner.

As far as the reason for the delay, Petitioner states in both his motion in the lower court and his brief in this court that his attorney failed to file his appeal to this Court and refused to inform him as to the progress of an appeal. Petitioner filed his motion for delayed appeal fourteen months after the post-conviction court dismissed his petition for post-conviction relief. Petitioner blames his post-conviction attorney for the failure to timely file his notice of appeal. In his motion, Petitioner states that he and his mother repeatedly attempted to contact his post-conviction attorney to get a status report on his appeal. On June 5, 2006, Petitioner's mother called the appeals court and discovered that an appeal had never been filed. Petitioner filed his motion for delayed appeal on July 20, 2006.

Clearly the Petitioner blames the failure to timely file his notice of appeal on his post-conviction attorney. Petitioner made the exact same argument in his post-conviction hearing as to why his post-conviction petition was filed outside the one-year statute of limitations. At his post-conviction hearing, Petitioner testified that his trial counsel told him they would appeal his convictions despite the fact that Petitioner entered a negotiated plea bargain including the length of his sentence. He also testified at the hearing that he tried to contact his trial counsel numerous times about his appeal from his conviction, but never received a response. The post-conviction court stated that it could not accept as credible Petitioner's testimony regarding his trial counsel. There was no hearing concerning the denial of Petitioner's request for a delayed appeal. The post-conviction court made no findings concerning Petitioner's credibility regarding his reliance on his post-conviction attorney to file an appeal, but implicitly the post-conviction court appears to have rejected Petitioner's testimony that two different attorneys misled him on two separate occasions.

Due to the fact that Petitioner's post-conviction petition does not cite a credible argument for tolling the one-year statute of limitations, that there is no entitlement to a delayed appeal from the denial of a petition for post-conviction relief and that Petitioner's reasons for delay are somewhat questionable given his previous experience and the length of time in the delay, we conclude that it is not in the interest of justice to allow such an appeal in this case.

## CONCLUSION

For the foregoing reasons, we dismiss Petitioner's appeal.

 

 

_____
JERRY L. SMITH, JUDGE

-5-