IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. JERRY ORLANDO WEAVER

**Direct Appeal from the Criminal Court for Anderson County**
**No. A7CR0576  Donald R. Elledge, Judge**

---

**No. E2009-01767-CCA-R3-CD - Filed June 21, 2010**

---

An Anderson County jury convicted the defendant, Jerry Orlando Weaver, of two counts of facilitation of possession of less than one-half gram of cocaine for sale or delivery, Class D felonies.  The trial court sentenced the defendant as a career offender to twelve years for each count, to be served consecutively in the Tennessee Department of Correction.  On appeal, the defendant argues that the trial court erred in sentencing him as a career offender and in imposing consecutive sentences.  Following our review of the record, the parties' briefs, and the applicable law, we conclude that the defendant failed to timely file his notice of appeal and that his claims do not warrant consideration in the "interest of justice."  Therefore, we dismiss his appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Brennan Patrick Lenihan, Oak Ridge, Tennessee, for appellant, Jerry Orlando Weaver.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; David S. Clark, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Background**
In November 2007, an Anderson County grand jury indicted the defendant, Jerry Orlando Weaver, on three counts of possession of less than one-half gram of cocaine with

intent to sell, Class C felonies. The state amended the first and second counts to facilitation of possession of less than one-half gram of cocaine with intent to sell or deliver.

At the January 2009 trial, an undercover officer testified that she participated in a joint operation between the Clinton Police Department and the Oak Ridge Police Department. During the operation, she purchased cocaine from the defendant on three occasions, and a hidden camera in her car recorded each transaction. On each occasion, the officer asked the defendant for $40 worth of cocaine. On the first two occasions, the defendant, who identified himself as "Knot Knot," used the officer's money to buy two-tenths of a gram of crack cocaine from a third party, which he then gave to the officer. On the third occasion, the officer testified that she bought crack cocaine directly from the defendant, but he did not identify himself.

An Oak Ridge police detective and a Clinton police detective both testified that they personally knew the defendant and that the defendant's street name was "Knot Knot." Both detectives reviewed the video tapes of the undercover officer's transactions and identified the defendant as the man from whom the undercover officer purchased crack cocaine. The Clinton police detective who supervised the joint operation testified that each transaction involved two-tenths of a gram of crack cocaine.

Following the close of proof, the jury convicted the defendant of two counts of facilitation of possession of less than one-half gram of cocaine for sale or delivery and acquitted him of one count of possession of less than one-half gram of cocaine. Following a sentencing hearing on May 4, 2009, the trial court found that the defendant had five Class B felonies, three Class C felonies, and one Class E felony on his record, that he was on probation for a Class A misdemeanor when he committed the charged offenses, and that he was a professional criminal. The trial court sentenced the defendant as a career offender to twelve years on each count, to be served consecutively in the Tennessee Department of Correction. The court entered the judgments in this case on May 12, 2009. The defendant did not file a motion for new trial but filed a notice of appeal on August 21, 2009.

**Analysis**

On appeal, the defendant argues that the trial court erred in sentencing him as a career offender and in imposing consecutive sentences. The state responds that the appeal was untimely and should be dismissed. We agree with the state.

A defendant who challenges his or her sentence has the burden of proving the sentence imposed by the trial court is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). It is this court's

duty to conduct a *de novo* review of the record with a presumption the trial court's determinations are correct when a defendant appeals the length, range, or manner of service of his or her sentence. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. *State v. Pettus*, 986 S.W.2d 540, 543-44 (Tenn. 1999).

A notice of appeal must be filed within thirty (30) days after the date of entry of the judgment from which the petitioner is appealing. Tenn. R. App. P. 4(a). Thus, the defendant had thirty days from the entry of the judgments on May 12, 2009 to file an appeal. As the defendant did not file a notice of appeal until August 21, 2009, it was untimely. However, the untimely filing of a notice of appeal is not always fatal to an appeal. As stated in Rule 4(a), "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005). Waiver should only occur when "the interest of justice" mandates waiver. *See State v. Scales*, 767 S.W.2d 157, 158 (Tenn. 1989).

In this case, the defendant has not offered an explanation for the untimely filing of his appeal. Furthermore, the defendant, in his appellate brief, merely recites statutory and case law without articulating any grounds for relief. Therefore, we conclude that "the interest of justice" does not mandate waiver in this case.

## Conclusion

Based on the foregoing reasons, we dismiss the appeal.

_____
J.C. McLIN, JUDGE