**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT KNOXVILLE**
**DECEMBER SESSION, 1998**

FILED

February 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **FRANK C. PEASE,** | ) | |
| | ) | No. 03C01-9804-CR-00132 |
| **Appellant** | ) | |
| | ) | **HAMILTON COUNTY** |
| **vs.** | ) | |
| | ) | **Hon. R. Steven Bebb, Judge** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **(Post-Conviction)** |
| **Appellee** | ) | |

For the Appellant:                    For the Appellee:

**Frank C. Pease,** *Pro Se*            **John Knox Walkup**
8400 Middelbrook Pike, Apt. H-25       Attorney General and Reporter
Knoxville, TN  37923

                                       **Ellen H. Pollack**
                                       Assistant Attorney General
                                       Criminal Justice Division
                                       425 Fifth Avenue North
                                       2d Floor, Cordell Hull Building
                                       Nashville, TN 37243-0493


                                       **William H. Cox III**
                                       District Attorney General

                                       **David Denny**
                                       Asst. District Attorney General
                                       City and County Courts Bldg.
                                       Chattanooga, TN  37402


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Frank C. Pease, appeals the dismissal of his *pro se* petition for post-conviction relief by the Hamilton County Criminal Court.[1] On December 12, 1994, the appellant entered guilty pleas to the offenses of attempt to commit aggravated perjury and hindering a secured creditor, both class E felonies, in the Hamblen County Criminal Court.[2] The court sentenced the appellant to one year on each count to be served concurrently as a Range I standard offender. On June 19, 1995, the appellant filed a petition for post-conviction relief collaterally attacking his felony convictions in the Hamblen County Criminal Court. The appellant's post-conviction hearing was scheduled for June 16, 1997, in the Hamilton County Criminal Court. Because the appellant failed to appear at his scheduled hearing, his petition was dismissed. The appellant now appeals from this ruling.

After review, we affirm the dismissal.

## I. Background

The proceedings before us present a troubled and protracted procedural history. Six trial judges have participated in varying degrees in these proceedings.[3]

In addition, appointment of district attorneys general *pro tem* have been

---

[1] The appellant's petitions were initially filed in the county of conviction, Hamblen County, but were later transferred to Hamilton County to facilitate review due to the fact that Honorable Gary Gerbitz of Hamilton County was designated by the supreme court to preside over the proceedings.

[2] The appellant's convictions stem from his concealment and sale of woodworking equipment used as collateral in obtaining a loan from Jefferson Financial Services. In a prior civil proceeding, the appellant perjured himself by stating that he had not disposed of the equipment.

[3] Those judges include: Judges Porter, Beckner, Wexler, Gerbitz, Stern and Bebb. Two substitutions were occasioned by retirement; the remaining designations by the supreme court were necessitated by the appellant's actions in alleging judicial misconduct or recusal by the trial judge for conflicts of interest.

necessitated as well as substitutions of defense counsel.

In seeking post-conviction relief, the appellant contends that his guilty pleas were "inadvertently and involuntarily" entered and he was denied the effective assistance of counsel. In support of these grounds, he alleges, among other things, (1) that he was denied insulin at the Hamblen County jail the night before he entered his guilty pleas, resulting in impaired cognitive responses at his guilty plea hearing; (2) that because in all likelihood he would have been attired in a jail "COUNTY ORANGE JUMPSUIT" and . . . would not be "CLEAN SHAVEN" . . . [h]e felt frightened and threatened; (3) that he was denied a speedy trial; (4) that his lawyers lied to him; (5) that the district attorney general's office violated his rights; and (6) judicial misconduct by the trial judge.[4]

In May of 1997, the appellant contacted the court and requested a "speedy hearing" on his post-conviction petition and gave the court a Connecticut telephone number where he could be contacted. The record indicates that the appellant had requested transfer of his probationary status to Connecticut and had relocated to that state at this time. On June 1, 1997, the post-conviction court contacted the appellant by leaving a message with an answering service, informing him that his hearing was set for June 16, 1997. Sometime after business hours on Friday, June 13, a female identifying herself as the appellant's secretary left a message with the court that the petitioner was "out of town on business" and would be unable to attend the hearing. The post-conviction judge became aware of this message the following Monday morning en route from Athens to Chattanooga.

---

[4]The appellant, on July 17, 1995, filed a second petition for post-conviction relief, arising from a guilty plea to assault, which was dismissed. The designated post-conviction judge on this date, Honorable Gary Gerbitz, found that the issues alleged "were waived by the plea of guilty and do not rise to a constitutional level." In this petition, the appellant alleged that the Hamblen County general sessions judge, Criminal Court judges, the Criminal Court clerk's office, members of the district attorney general's office and numerous criminal defense lawyers "conspired" to deprive him of his constitutional rights.

Following the appellant's failed scheduled appearance, the post-conviction court entered the following order:

> [U]pon the docket call the petitioner, Frank Pease, has failed to appear on June 16, 1997 and further that every Judge who has presided over these cases have had complaints filed against them before the Court of the Judiciary, and that every attorney who has been appointed to represent him has been alleged to be incompetent and ineffective, that this petitioner desires to harass the entire Judicial System of Tennessee, these cases are dismissed upon Mr. Pease's failure to appear.

Pursuant to the order, the court mailed a copy of the order to the appellant. To explain his absence, the appellant claims that he was "inadvertently incarcerated" in the state of Connecticut beginning on June 5, 1997, for eighty-three days until he was released on bond. On October 3, 1997, the appellant filed a "motion to set aside ruling" which was overruled by the post-conviction court because "the time for appeal has passed." Thereafter, the appellant filed his notice of appeal on November 7, 1997.

Although the appellant raises numerous issues within his brief addressing the merits of his petition, the only issue properly before this court is whether the post-conviction court erred by dismissing the appellant's petition for post-conviction relief.

First, as the State argues, the post-conviction court acted properly because the motion to set aside the court's ruling was filed over one hundred days after the judgment of the court was entered on June 16, 1997. Therefore, the State contends that the trial court had lost its jurisdiction to set aside the judgment it had earlier entered. We agree. Unless a timely notice of appeal or one of the specified post-trial motions are filed, the trial court's judgment becomes final thirty days following its entry. State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992); Tenn. R. App. P. 4(a) and (c). The trial court loses jurisdiction to amend the judgment after it has become final. Lock, 839 S.W.2d at 440; State v. Moore, 814 S.W.2d 381 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1991). Thus, because the motion to set aside the court's ruling was untimely, the requisite time to file his

notice of appeal was not tolled.

Moreover, the appellant filed his notice of appeal over one hundred thirty days after the order dismissing the appellant's petition was entered. The rules of appellate procedure require that a notice of appeal be filed within thirty days after the entry of the judgment from which the defendant is appealing. Tenn. R. App. P. 4(a). However, the State acknowledges that this court may waive the timely filing of a notice of appeal "in the interest of justice." State v. Scales, 767 S.W.2d 157 (Tenn. 1989); see also Tenn. R. App. P. 3(e) and 4(a). The appellant in this case has failed to demonstrate to this court that the "interest of justice" demands such waiver.

If this court did waive the time requirements for this appeal, the result would remain the same. The record before us, as previously stated, is wholly inadequate. If the appellate record is inadequate, the reviewing court must presume that the trial court ruled correctly. See State v. Ivy, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993). The appellant's brief contains no arguments requiring a reversal of the post-conviction court's dismissal of his petition. Those issues unsupported by argument and citation to legal authority are waived. Tenn. Ct. Crim. App. R. 10(b). The appellant's brief states that he was "unfortunately incarcerated in the State of Connecticut pending the procurement of a $50,000 surety bond, and could not have attended the hearing to which he was not aware." The record lacks any scintilla of evidence of the appellant's incarceration except for the "motion to set aside ruling" where he asserts he was "inadvertently incarcerated" in which he provides the address of the Hartford Community Correctional Center. Had the appellant been truthful regarding his absence from the hearing, the post-conviction court could have made other arrangements. See Tenn. Code Ann. § 40-30-210; Tenn. Sup. Ct. Rule 28 § 8(C)(1)(a)-(c). Even if the appellant's incarceration were taken as the truth upon this appeal, the post-conviction court was without the knowledge of this fact at

5

the time of its ruling and was not aware until after its judgment became final.

Therefore, we conclude that the judgment of the post-conviction court is affirmed, and the petition for post-conviction relief is dismissed with prejudice.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
JAMES CURWOOD WITT, JR., Judge