IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2011

## STEPHANIE DENISE PHILLIPS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cocke County**
**No. 30,867-I     Ben W. Hooper, II, Judge**

---

**No. E2010-00120-CCA-R3-PC - Filed September 9, 2011**

---

The Petitioner, Stephanie Denise Phillips, appeals as of right from the Cocke County Circuit Court's denial of her petition for post-conviction relief. The Petitioner argues that errors in her trial denied her due process of law. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Charlotte Ann Leibrock, Newport, Tennessee, for the appellant, Stephanie Denise Phillips.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James B. Dunn, District Attorney General; and W. Brownlow Marsh, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On February 20, 2007, the Petitioner pled guilty to second degree murder and especially aggravated robbery, both Class A felonies. As part of her plea, the Petitioner received concurrent sentences of twenty years in the Department of Correction. The Petitioner filed a petition for post-conviction relief and subsequently filed an amended petition. As grounds for relief, the Petitioner alleged the following: (1) she was denied due process because of errors in the trial process; (2) she was denied effective assistance of counsel; and (3) she did not knowingly or voluntarily plead guilty. Following an evidentiary hearing, the post-conviction court held that the first issue was previously determined and that the Petitioner failed to meet her burden of proof on the remaining two issues. The post-conviction court entered an order dismissing the petition on December 14, 2009. The

Petitioner filed a notice of appeal on January 14, 2009.

On appeal, the Petitioner only challenges the due process issue, which centers on her statement to police and the waiver of rights form. The Petitioner contends that the post-conviction court erred in ruling that this issue was previously determined and that she should have been allowed to introduce evidence on the issue at the post-conviction hearing. The State responds that the Petitioner failed to file a timely notice of appeal and that her appeal should consequently be dismissed as untimely. The State further responds that the issue raised by the Petitioner is previously determined and has been waived for failure to raise it on direct appeal.

## ANALYSIS

A petitioner may appeal the final judgment of the post-conviction court in the manner prescribed by the Tennessee Rules of Appellate Procedure. Tenn. Code Ann. § 40-30-116. The final judgment of a post-conviction court is appealable as of right. Tenn. R. App. P. 3(b).

> [T]he notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.

Tenn. R. App. P. 4(a). For the purposes of this rule, post-conviction proceedings are criminal in nature and the notice requirement may be waived in the interest of justice. State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989). Given that the Petitioner's notice of appeal document was only one day late, we choose to waive the timely filing of the notice of appeal.

Under the Post-Conviction Procedure Act, a petitioner is entitled to relief when her "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. In a post-conviction proceeding, the petitioner has "the burden of proving the allegations of fact by clear and convincing evidence." Tenn. Code Ann. § 40-30-110(f). On appeal, a petitioner's brief must set forth her argument "with citations to the authorities and appropriate references to the record." Tenn. R. App. P. 27(a)(7). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be

treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b).

On March 3, 2011, this court denied the Petitioner's motion for leave to file her principal brief late and rejected the accompanying brief for failing to comply with Rule 27 of the Rules of Appellate Procedure. This court gave the Petitioner until April 1, 2011, to file an amended principal brief remedying two key defects: (1) no statement of facts section; and (2) no references to the record in the argument section. On April 1, 2011, the Petitioner filed her amended brief. Although the amended brief contained a statement of facts section, the argument section still did not contain any citations or appropriate references to the record. Consequently, the amended brief failed to remedy the specified defects. Therefore, as this court noted in its previous order, the brief "did not raise any issue that this court would not conclude was waived due to the poor quality of the brief."

Furthermore, a post-conviction court will dismiss a petition "[i]f the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." Tenn. Code. Ann. § 40-30-106(f). "There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived." Tenn. Code Ann. § 40-30-110(f).

> A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
>   (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
>    (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code. Ann. § 40-30-106(g). "A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing," which occurs "where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced any evidence." Tenn. Code. Ann. § 40-30-106(h).

The Petitioner's trial attorney filed a motion to suppress the Petitioner's incriminating statements and to challenge the validity of the waiver of rights form signed by the Petitioner. The trial court denied the motion to suppress after a full evidentiary hearing. The Petitioner

did not challenge the denial on appeal. The Petitioner has waived her due process issue, which was determined by the trial court at the hearing on her motion to suppress, by failing to present the claim in her prior proceeding before a court of competent jurisdiction.

## CONCLUSION

Upon due consideration of the pleadings, the record, and the applicable law, this court concludes that the post-conviction court's denial of the petition for post-conviction relief was appropriate. The judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE