IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 6, 2015

## JOHN IVORY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 18429     Clayburn L. Peeples, Judge**

---

**No. W2015-00636-CCA-R3-PC  -  Filed November 9, 2015**

---

Following the apparent denial of his petition for post-conviction relief, the Petitioner, John Ivory, filed a pro se motion to reconsider the denial of relief, which the post-conviction court denied without a hearing. On appeal, the Petitioner argues that the trial court erred in denying his motion to reconsider the denial of post-conviction relief. Because the Petitioner does not have an appeal as of right from the denial of such motion, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

John Ivory, Yazoo City, Mississippi, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Garry G. Brown, District Attorney General; and Hillary Lawler Parham, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The record in this case is extremely sparse. In his brief, the Petitioner asserts that he entered a guilty plea in 2010 to one count of "[p]ossessing and [s]elling cocaine."[1] He claims that he entered this guilty plea, despite the fact that he was innocent of the charge, after his attorney informed him that the confidential informant who testified against him at his preliminary hearing likely would provide the same false testimony against him at trial. The Petitioner asserts that he subsequently filed a post-conviction petition, attacking this conviction based on a claim of actual innocence. He claims the post-

---

[1] No direct appeal was filed for this conviction.

conviction court erroneously denied relief on the basis that his petition was time-barred, despite his showing of actual innocence, which violated the United States Supreme Court's decision in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). See McQuiggin, 133 S. Ct. at 1931-34 (holding that a showing of actual innocence can overcome the one-year statute of limitations for federal habeas corpus petitions filed under the Antiterrorism and Effective Death Penalty Act of 1996). Significantly, neither the post-conviction petition nor the order denying post-conviction relief is included in the appellate record. On March 12, 2015, the Petitioner filed a pro se motion to reconsider the denial of post-conviction relief, asserting that the post-conviction court erred in dismissing his post-conviction petition as time-barred in its February 19, 2015 order. Citing McQuiggin, the Petitioner argued that the post-conviction court erroneously relied on the one-year statute of limitations in denying him post-conviction relief after he made a convincing actual innocence claim. On March 24, 2015, the post-conviction court entered an order denying the motion to reconsider without a hearing. On April 2, 2015, the Petitioner filed his notice of appeal, which stated that he was appealing "the Court's March 23, 2015 Order denying [his] Motion for Reconsideration of the dismissal of [his] Petition for Post-Conviction Relief." On April 7, 2015, the court, after having lost jurisdiction of the case pursuant to the filing of the notice of appeal, nevertheless entered a second order stating that it was denying the Petitioner's motion to reconsider based on the motion and the record as a whole.[2] The Petitioner's motion to reconsider, the two orders denying the motion, and the notice of appeal are the only documents included in the technical record on appeal.

## ANALYSIS

The Petitioner states in his brief that his appeal is of right from the denial of his motion to reconsider. To briefly summarize the procedural history of this case, the Petitioner asserts that the post-conviction court entered an order denying post-conviction relief on February 19, 2015. Instead of filing a notice of appeal regarding the denial of post-conviction relief, the Petitioner, on March 12, 2015, filed a motion to reconsider the denial of post-conviction relief. On March 24, 2015, the post-conviction court entered an order dismissing the Petitioner's motion to reconsider. On April 2, 2015, the Petitioner filed a notice of appeal from the March 24, 2015 order denying his motion to reconsider. On April 7, 2015, the court entered a second order denying the motion to reconsider.

We note that a petitioner does not have an appeal as of right from the denial of a motion to reconsider relief from judgment. Pursuant to Tennessee Rule of Appellate Procedure 3(b), a criminal defendant has an appeal as of right in the following situations:

---

[2] No explanation for the entry of this second order is apparent from the record.

[A]n appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction.

Tenn. R. App. P. 3(b) (emphasis added); see also T.C.A. § 40-30-116 ("The order granting or denying relief under this part shall be deemed a final judgment, and an appeal may be taken to the court of criminal appeals in the manner prescribed by the Tennessee Rules of Appellate Procedure." (emphasis added)); Michael Joe Boyd v. State, No. W1999-01981-CCA-R3-PC, 1999 WL 33261797, at *5 (Tenn. Crim. App. Dec. 21, 1999) (citing Tony Craig Woods v. State, No. 01C01-9606-CR-00238, 1997 WL 602865, at *2 (Tenn. Crim. App., at Nashville, Sept. 30, 1997)) ("[A] motion for reconsideration is not expressly authorized in a post-conviction procedures proceeding"); State v. Ryan, 756 S.W.2d 284, 285 n.2 (Tenn. Crim. App. 1988) ("[T]here is no provision in the Tennessee Rules of Criminal Procedure for a 'petition to reconsider' or a 'petition to rehear.'" (citation omitted)).

We also note that a motion to reconsider does not toll the thirty-day filing period for an appeal from an order denying post-conviction relief. See Michael Joe Boyd, 1999 WL 33261797, at *6; Sherman McDowell v. State, No. 62, 1991 WL 139727, at *2 (Tenn. Crim. App., at Jackson, July 31, 1991). A motion to reconsider is not one of the specified motions in Tennessee Rule of Appellate Procedure 4(c). See Tenn. R. App. P. 4(c) ("In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition."). In fact, "no post-judgment motions are permitted to suspend the running of the appeal

time from the entry of the judgment in a post-conviction proceeding." Michael Joe Boyd, 1999 WL 33261797, at *6 (citing State v. Lock, 839 S.W.2d 436, 440 (Tenn. Crim. App. 1992)). By the Petitioner's own timeline, the order denying him post-conviction relief was entered on February 19, 2015. Because his motion to reconsider did nothing to toll the thirty-day filing period, the order denying post-conviction relief would appear to have become final on March 23, 2015.

Tennessee Rule of Appellate Procedure 4(a) states that "the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." However, this rule also states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a); see State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989) ("For purposes of Rule 4(a), Tenn. R. App. P., post-conviction proceedings are criminal in nature and the notice of appeal may be waived 'in the interest of justice.'"). We note that "'[i]n determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case.'" State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007) (quoting State v. Markettus L. Broyld, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005)). "Waiver is not automatic and should only occur when 'the interest of justice' mandates waiver. If this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." Id. (citing Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996)).

Here, the Petitioner filed a notice of appeal on April 2, 2015, almost two weeks after the order denying post-conviction relief apparently became final. As we previously noted, this court has the authority to waive "in the interest of justice" the timely filing of the Petitioner's notice of appeal. See Tenn. R. App. P. 4(a). However, the Petitioner has not explained why he did not ensure that his post-conviction petition and the order denying post-conviction relief were included in the record on appeal or why he did not file his notice of appeal within thirty days of the order denying post-conviction relief. In addition, he has not clarified how waiving the thirty-day deadline serves the interest of justice. After considering the nature of the issues presented for review by the Petitioner, we determine that the interest of justice does not necessitate a review of the Petitioner's claims. See T.C.A. §§ 40-30-106(b) (requiring a trial court to summarily dismiss a post-conviction petition if it plainly appears on the face of the petition that it was filed outside the one-year statute of limitations), 40-30-102(b) (delineating the three exceptions to the one-year statute of limitations for post-conviction relief). Therefore, the appeal is dismissed.

-4-

## CONCLUSION

Based on the aforementioned authorities and reasoning, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE