# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## JASON CRAWFORD v. STEVEN DOTSON, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0330   Joe Walker, Judge**

---

**No. W2008-01749-CCA-R3-HC  - Filed February 6, 2009**

---

The petitioner, Jason Crawford, appeals the circuit court's order denying his petition for habeas corpus relief.  The state has filed a motion requesting that this court dismiss the appeal as untimely filed or, in the alternative, affirm the circuit court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.   Following our review of the parties' briefs, the record, and the applicable law, we conclude that the petitioner failed to timely file his notice of appeal and his claims do not warrant consideration in the "interest of justice."  Therefore, his appeal is dismissed.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J.C. McLin, J., delivered the opinion of the court, in which John Everett Williams and Camille R. McMullen, JJ., joined.

Jason Crawford, Pro Se, Whiteville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and John H. Bledsoe, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

### I. Background

In 2002, the petitioner was indicted for first degree murder, felony murder, especially aggravated robbery, and conspiracy to commit robbery. The state filed notice of its intent to seek punishment of life without parole.  In January of 2003, pursuant to a plea agreement the petitioner entered pleas of guilty to second degree murder, a Class A felony; and conspiracy to commit aggravated robbery, a Class C felony.  The petitioner agreed to serve a three-year sentence at thirty percent for his conspiracy conviction.  He also expressly agreed to serve a forty-year sentence at one hundred percent for his second degree murder conviction.[1]  The remaining charges were dismissed. The trial court ordered the petitioner to serve his sentences concurrently.  Subsequently, the

---

[1] The judgment specifically notes that "Defendant expressly waives Range of Punishment and agrees to be sentences out of range to 40 years (Range 2), 100% violent offender."

petitioner unsuccessfully sought post-conviction relief. *See Jason Crawford v. State*, No. M2004-01541-CCA-R3-PC, 2005 WL 2546924 (Tenn. Crim. App. at Nashville, Oct. 11, 2005), *perm. app. denied* (Tenn. Feb. 6, 2006).

On June 3, 2008, the petitioner filed a petition for writ of habeas corpus, alleging that his judgments were void and illegal because he was sentenced outside of the applicable range for his offender classification, and he was exposed to an illegal sentencing scheme which violated his constitutional right to a jury trial as set forth in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004) and its progeny.[2] On June 11, 2008, the habeas court entered an order noting that the petitioner "received the sentence he agreed to in the negotiated plea agreement" and he "waived any irregularity concerning his offender classification or release eligibility when he pleaded guilty." The court further noted that the petitioner's *Blakely* claim was not to be applied retroactively to cases already determined final on direct appeal. As such, the court found that the petitioner's habeas petition demonstrated no right to relief and dismissed the petition. On August 7, 2008, the petitioner filed the instant appeal.

## II. Standard of Review

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated sections 29-21-101 through 29-21-130 codify the applicable procedures for seeking a writ. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *See Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. A void judgment is a facially invalid judgment, clearly showing that a court did not have statutory authority to render such judgment; whereas, a voidable judgment is facially valid, requiring proof beyond the face of the record or judgment to establish its invalidity. *See Taylor*, 995 S.W.2d at 83. The burden is on the petitioner to establish by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

---

[2] The petitioner also relies on *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856 (2007). *Blakely* held that any fact other than that of a prior conviction used to enhance a defendant's sentence must be proven to a jury beyond a reasonable doubt. 542 U.S. at 30. *Cunningham* applied the holding in *Blakely* and invalidated California's determinate sentencing law because it allowed a trial court to enhance a defendant's sentence based on facts found by the judge by a preponderance of the evidence. 549 U.S. at 288-89, 127 S.Ct. at 868.

### III. Analysis

The state initially argues that the petitioner's appeal of the circuit court's dismissal of his habeas corpus petition is untimely. A notice of appeal must be filed within thirty (30) days after the date of entry of the judgment from which the petitioner is appealing. Tenn. R. App. P. 4(a). Thus, the petitioner had thirty days from the entry of the June 11, 2008 order in which to file notice of appeal. As the petitioner's notice of appeal was not filed until August 7, 2008, fifty-seven days later, it was untimely. However, the untimely filing of a notice of appeal is not always fatal to an appeal. As stated in Rule 4(a), "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. at Nashville, Dec. 27, 2005). Waiver should only occur when "the interest of justice" mandates waiver. *See State v. Scales*, 767 S.W.2d 157 (Tenn. 1989).

After a review of the record, we conclude that waiver is not required "in the interest of justice." The petitioner has not offered an explanation for the untimely filing of his appeal. Moreover, as noted by the state in their argument and found by the habeas corpus court, the claims raised by the petitioner in his petition do not entitle him to relief. The record shows that the petitioner's sentence was the product of a knowing and voluntary guilty plea. "[A] knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hoover v. State*, 215 S.W.3d 776, 780 (Tenn. 2007). Offender classification and release eligibility are non-jurisdictional and legitimate bargaining tools in plea negotiations under both the 1982 and 1989 Sentencing Acts. *Id.* at 779-80. Also, the petitioner's *Blakely* claim is not cognizable in a habeas corpus case because the claim, even if proven, would render the judgment voidable, not void. *See, e.g., Billy Merle Meeks v. Ricky J. Bell, Warden*, No. M2005-00626-CCA-R3-HC, 2007 WL 4116486 (Tenn. Crim. App., at Nashville, Nov. 13, 2007), *perm. app. denied* (Tenn. April 7, 2008). Furthermore, this court has repeatedly held that *Blakely* violations do not apply retroactively to cases on collateral appeal. *Id.*; *see also Ulysses Richardson v. State*, No. W2006-01856-CCA-R3-PC, 2007 WL 1515162 (Tenn. Crim. App. May 24, 2007), *perm. app. denied* (Tenn. Sept. 17, 2007) ("Apprendi/Blakely type issues regarding allocating fact-finding authority to judges during sentencing are not in the narrow class of procedural rules that apply retroactively."). Accordingly, no jurisdictional infirmities are found on the face of the judgment or in the underlying record presented.

### III. Conclusion

Based upon the foregoing, because the petitioner's notice of appeal was not timely filed and because "the interest of justice" does not require waiver of the rule, the appeal is dismissed.

_____
J.C. McLIN, JUDGE