IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2015


**COREY ALAN BENNETT v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Knox County**
**No. 102947      Bobby R. McGee, Judge**

_____


**No. E2014-01637-CCA-R3-PC-FILED-JUNE 29, 2015**

_____


The petitioner, Corey Alan Bennett, appeals the dismissal of his petition for post-conviction relief without the opportunity to present evidence at a hearing. The petitioner pled guilty to two counts of attempted especially aggravated sexual exploitation of a minor and four counts of aggravated stalking. Pursuant to the plea agreement, he received a ten-year Range I sentence in the Department of Correction. The petitioner filed an untimely post-conviction petition asserting an involuntary guilty plea based on the ineffective assistance of counsel and newly discovered evidence in the form of recanted testimony of a witness. He contends that the post-conviction court erred in its summary dismissal because due process requires that he be afforded a hearing. Following review of the record, we affirm the dismissal of the petition.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**


JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.


Bailey M. Harned, Knoxville, Tennessee, for the appellant, Corey Alan Bennett.


Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Charme Allen, District Attorney General; and Eric Counts, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

## Factual Background and Procedural History

According to the petitioner, he was indicted for "13 counts of especially aggravated sexual exploitation of a minor, 1 count of aggravated sexual exploitation of a minor, 4 counts of aggravated stalking, and 1 count of contributing to unruly behavior." In 2012, the petitioner pled guilty to two counts of attempted especially aggravated sexual exploitation of a minor and four counts of aggravated stalking with the remaining charges being dismissed.[1] The agreement provided for a ten-year sentence as a Range I offender with the manner of service to be determined by the trial court. After reviewing the evidence presented, the court ordered the petitioner to serve his sentence in the Department of Correction on October 12, 2012. No direct appeal was taken.

Although the record is not clear when, at some point the petitioner timely filed for post-conviction relief and was represented by counsel. It appears that at the hearing on the matter, the petitioner voluntarily moved for dismissal of the petition. The petition did raise issues of ineffective assistance of counsel and an involuntary guilty plea.

Subsequently, on January 9, 2014, the petitioner filed a pro se petition for post-conviction relief alleging an involuntary guilty plea due to the ineffective assistance of counsel. On March 6, the post-conviction court appointed counsel to the indigent petitioner. A second pro se petition for post-conviction relief was filed on April 3, 2014. In the petition, the petitioner alleged that his former counsel had dismissed his initial petition for relief without his consent. The ground for relief checked on the form petition was ineffective assistance of counsel. In addition, the petitioner also asserted that his plea was not knowingly and voluntarily entered and that the convictions were based on evidence obtained pursuant to an unconstitutional search and seizure.

On May 6, 2014, the petitioner filed a Motion for Dismissal of Counsel asserting a fatal conflict of interest based on post-conviction counsel's failure to correspond with the

---

[1]There is some confusion in the record as to what charges the petitioner pled guilty to. In his brief, he indicates he pled to "especially aggravated sexual exploitation of a minor, aggravated sexual exploitation of a minor, aggravated stalking, and contributing to unruly behavior." In his petition, he states he pled to two counts of attempted aggravated sexual exploitation of a minor and four counts of aggravated stalking. The technical record indicates he was convicted of two counts of attempted especially aggravated sexual exploitation of a minor and stalking arising from five different docket numbers. In its brief, the State states the petitioner pled to two counts of attempted aggravated sexual exploitation of a minor and four counts of aggravated stalking. Copies of the plea agreement or the judgments of conviction are not included in the record. Nonetheless, we review the petitioner's issue as his actual conviction offenses are not relevant to the issue raised.

petitioner in preparation for the case, failure to represent the petitioner in a sufficient manner to guarantee him due process, and the cumulative effect of these errors. On the same day, the petitioner also filed multiple motions with the court including, among others, motions for discovery, suppression, to receive pre-trial disposition of motions filed, and to dismiss any further prosecution of the case.

On June 13, 2014, an amended petition for post-conviction relief was filed by post-conviction counsel on the petitioner's behalf. The petition asserted an involuntary and unknowing guilty plea, stating that the petitioner did not understand the nature and consequences of the plea agreement because: (1) he was led to believe he would receive a sentence of probation; and (2) he would have been denied effective assistance of counsel had he chosen to proceed to trial, a conclusion made by the petitioner based upon trial counsel's actions and preparation prior to trial. As a separate ground for relief, the petition asserted that one of the stalking victims in the case had changed the substance of what would have been her testimony if he had proceeded to trial.

The following statement was also included in the petition in regard to the original timely-filed petition for relief:

> Petitioner has filed a prior petition for post-conviction relief (in addition to his pro-se petition in this case) and has previously properly presented these claims to a court. The Petitioner contends that the statute of limitations for his post-conviction claim should be tolled and this petition be regarded as timely because a portion of his claim for relief arose after the statute of limitations expired.

A hearing was scheduled on the matter for June 26, 2014. As an initial matter counsel for the petitioner conceded that two pending petitions for habeas corpus relief should be dismissed as they were not well-taken. The court also dismissed the petitioner's pro se petitions for relief, stating that pro se materials were not to be considered because the petitioner was represented by counsel.

At that point, the State made an oral motion to dismiss the post-conviction petition. The State noted that the petition was not timely filed and further that all the issues for relief, except that of the alleged change in testimony of one victim, had been presented to the court in the prior post-conviction hearing on the original petition. The State also noted that, at the prior hearing, prior to the voluntary dismissal by the petitioner, he was informed "that he got a great deal." The State continued and stated that:

> The State is aware of the horrific childhood that [the petitioner] had, and that's

-3-

why he got the deal that he did based on this charge. He got ten years when it could've been far, far more reaching. But at that time when he was represented, . . . he came in to the Court and said, "I'm waiving my right to this PCR, accept what's going on, we're voluntarily dismissing it, and I waive my right to appeal," and all the words that he needed to say, and at that time it was over.

The post-conviction court then asked the petitioner's counsel if there were any new claims made in the instant petition which were not made in the 2013 petition. Counsel replied the only addition was that the petitioner was now asserting that one of the victims of the aggravated stalking conviction was changing her testimony from what it would have been had she testified at trial.

In summarily dismissing the petition, the post-conviction court noted:

[The differing testimony of the victim] would be in the nature of a writ of error coram nobis and that's not filed here. It would not be proper for post-conviction relief.

At this point then, granted that there is no other issues presented in this petition that were not presented in the petition that's already been heard by the Court and dismissed, this Court would find that he did withdraw that petition, that petition was dismissed, and that is a final decision of this Court, and this is simply a reiteration of what's already been dismissed, therefore, the Court does dismiss this amended petition for post conviction relief.

If he wants to pursue the new evidence issue, that's a writ of error coram nobis and I'm sure he can talk to somebody in prison and find out about that.

On August 19, 2014, the petitioner filed a pro se Motion to Reopen Post-Conviction Petition. As a basis for relief, he asserted that an appellate court has issued a final ruling establishing a constitutional right that was not available at the time of trial. Specifically, but without citation to a specific case, he relied upon a law prohibiting law enforcement from searching a cell phone without a warrant. As a second ground, he asserted newly discovered scientific evidence which established his actual innocence. The evidence involved a video and phone technology specialist who apparently would say that one of the parties on a particular phone conversation was not who she had previously been identified as. On September 30, 2014, the post-conviction court entered an order dismissing the motion because the original post-conviction petition to which the motion referred was currently on appeal with this court.

-4-

Notice of appeal was filed August 19, 2014, with regard to the dismissal of the petition for post-conviction relief. The petitioner acknowledges on appeal that the appeal was not timely filed.

**Analysis**

As an initial matter in this appeal, this court must first address the petitioner's untimely filing of the notice of appeal document. There is no dispute that the notice was in fact not timely filed, but the petitioner urges the court to waive the untimely filing because of events out of his control. Specifically, in the facts section of his brief, the petitioner contends that his attempts to contact his counsel in order to initiate an appeal "were waylaid by the mail room at Riverbend Maximum Security Institute." He asserts that the dates on his letters to his attorney differ from the mail room markings. The petitioner argues that, because the events resulting in the late-filing were beyond his control, waiver is proper.

Rule 4(e) of the Tennessee Rules of Appellate Procedure states that the notice of appeal "shall be filed . . . within 30 days after the date of entry of the judgment appealed from[.]" Again, that did not occur in this case as the petition was dismissed on June 26, 2014, and notice of appeal was not filed until August 19, 2014. However, this court may waive the requirement of a timely notice of appeal in the interest of justice. Rule 4(a) states that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Markettus L. Broyld*, No. M2005-00209-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005). Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. *State v. Sands*, 767 S.W.2d 157, 158 (Tenn. 1989). This court has stated that if it were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction. *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996).[2]

---

[2] As pointed out by the State, the "mailbox rule," which provides that a filing prepared by a pro se litigant shall be timely "if the paper was delivered to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. Crim. P. 4(d). First, the petitioner has failed to provide documentation as to the date he provided the notice of appeal document to the appropriate individual at the prison. The "Certificate of Service" on the notice of appeal provides that he forwarded a copy of his notice of appeal to his attorney on July 20, 2014. Moreover, the petitioner's argument centers around letters he sent to his attorney, not the notice of appeal itself. The "mailbox rule" applies to "filings," not letters sent to an

(continued...)

After review of the relevant factors, we conclude that the interest of justice in this case mandates our review. The petitioner has asserted that he attempted to communicate with his attorney regarding the notice of appeal. The length of the delay was only slightly longer than a month, not enough of a time delay to place an undue burden on the State to defend the case. Moreover, we also review the case in the interest of finality. The State noted at the hearing that the petitioner was continually filing new petitions and motions in the case, even going so far as to communicate with the sheriff's department and the distric attorney general's office. Thus, we review to ensure that the case reaches conclusion.

The petitioner contends that the post-conviction court erred in summarily dismissing his petition for relief. However, a reading of his argument fails to specify why he believes the decision was error. In fact, the argument appears to be merely a restatement of relevant facts. The argument, in its entirety, is as follows:

> In the present case there was no evidentiary hearing on the merits of the petition for post-conviction relief. The matter was dismissed as being time-barred. The petition raised issues of ineffective assistance [of] counsel and evidence of a material fact not previously heard by the court that could result in vacating of the conviction. The petitioner was unaware of the complainant's change of testimony at the time of the dismissal of his original petition for post-conviction relief. When he became aware of this development the Petitioner zealously pursued his post-conviction remedies.
>
> The Petitioner contends that his guilty plea was a result of his ineffective counsel. He further contends that the newly discovered evidence regarding the testimony of one of the victim's would have a material effect on his decision to enter a guilty plea.

The petitioner does cite to *Burford v. State*, 845 S.W.2d 204, 209 (Tenn. 1992), which provides that the statute of limitations in a post-conviction proceeding may be tolled if due process requires, such as where the claims for relief arise after expiration of the statute of limitations. We assume that the petitioner is claiming that due process requires tolling in his case.

On appeal, this court will review a post-conviction court's conclusions of law de novo with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450,457 (Tenn. 2001). Again, there is no dispute in this case that the petition was filed outside the one-year

---

[2](...continued)
attorney.

applicable statute of limitations. *See* T.C.A. § 40-30-102(a) (2010). The petitioner has simply put forth no argument that mandates due process toll the statute of limitations in this case.

A petitioner is entitled to only one petition for post-conviction relief. T.C.A. § 40-30-102(c). In this case, the petitioner was afforded that opportunity and raised the issues of ineffective assistance of counsel and the voluntariness of his guilty plea. That he chose to dismiss that petition does not now entitle him to re-litigate those issues raised. They existed prior to the expiration of the statute of limitations, as evidenced by their inclusion in the prior petition, and should have been litigated fully at that point. Despite his efforts to argue to the contrary, the issues in the prior post-conviction petition may not be re-litigated now or in the future. They have been determined.

The only way in which the petitioner may reach back to his original petition is through a motion to reopen the original petition, and, even then, only the new issues raised will be addressed. We note that the petitioner did in fact file such a motion in this case, but it was dismissed because of the pending appeal in this case. Moreover, we note that instances in which a petition for post-conviction relief may be reopened are limited. The rule provides that a petitioner may file such motion only if the following applies:

> (1) The claim in the motion is based upon a final ruling of an appellant court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial; or
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
> (3) The claim aspect in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

T.C.A. § 40-30-117(a)(1)-(4). On appeal, the petitioner refers to newly discovered evidence

only in regard to the recanted testimony of one of the victims. That clearly does not fit under the parameters set out as grounds for filing a motion to reopen his original post-conviction petition.

With regard to the allegedly newly discovered evidence of the recantation of a witness's statement, the post-conviction court correctly noted that the proper forum to address such an issue was in a petition for writ of error coram nobis. This writ allows a petitioner the opportunity to present newly discovered evidence "which may have resulted in a different verdict if heard by the jury at trial." *State v. Workman*, 41 S.W.3d 100, 103 (Tenn. 2001). The remedy is limited "to matters that were not and could not be litigated on the trial of the case, on a motion for new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." T.C.A. § 40-26-105. Examples of newly discovered evidence include a victim's recanted testimony or physical evidence which casts doubts on the guilt of the petitioner. *Workman*, 41 S.W.3d at 101.

Based upon this law, the issue of the changed testimony from one of the victims was not proper for post-conviction relief. Rather, the issue should have been addressed by filing a petition for the writ of error coram nobis. However, the petitioner should be aware that the veracity of the newly discovered evidence must be determined by the coram nobis court, which must also determine whether the evidence might have affected the decision to plead guilty. Additionally, coram nobis relief is also subject to a statute of limitations. Thus, even though this court and the post-conviction have noted that the petitioner may file a petition for writ of error coram nobis, we make clear that we are not holding that he is automatically entitled to relief.

## CONCLUSION

Based upon the foregoing, the summary dismissal of the petition for post-conviction relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE